[Cite as *State v. Miller*, 2019-Ohio-5024.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JUSTIN MILLER | : | Case No. 2019 CA 00022 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court,
Case No. 2018 CRB 01896


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      December 3, 2019


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

J. MICHAEL KING                   TODD W. BARSTOW
40 West Main Street                 538 South Yearling Road
Fourth Floor                        Suite 202
Newark, OH  43055               Columbus, OH  43213

*Wise, Earle, J.*

{¶ 1}   Defendant-appellant Justin Miller appeals the March 19, 2019 judgment of conviction and sentence of the Licking County Municipal Court. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 11, 2019, appellant was employed by Englefield Oil Company which operates the Duke and Duchess gas stations. Appellant worked third shift, from 10:00 p.m. to 6:00 a.m., at the Newark Duke and Duchess on Mt. Vernon Road.

{¶ 3}   On that evening, store manager Chris Maring was awakened around 12:45 a.m. by Tyco Security alerting him to the fact that there was an alarm pulled at his store.

{¶ 4}   Newark Police Department Officer James Wells was the first officer on the scene. Maring provided Wells with the store security video. Wells and Newark Police Detective Jarrod Conley reviewed the video. The officers noted several oddities. Appellant appeared calm and was smiling during the robbery, and the robber laid his gun on the counter in order to take cash from the register. Then, after the robber left, appellant waited 5 minutes to activate the security alarm. After viewing the video, and after Conley had a conversation with appellant, both officers suspected the robbery had been staged.

{¶ 5}   After further investigation, Anthony Marshall, a friend of appellant, became a person of interest. When Conley found Marshall, he was wearing the same pants he wore during the robbery. Marshall initially denied any involvement. But once advised that a staged robbery would carry less serious charges than an actual robbery, and after he consulted with his mother, Marshall admitted that he, appellant, and another friend, Joseph Wymer, had staged the robbery. Marshall admitted he was the robber in the store

surveillance video and that Wymer had drove him to and from the scene. Wymer later admitted his role as well. The three men split the proceeds of the robbery.

{¶ 6}   Leann Horwell, director of retail operations for Englefield Oil was tasked with calculating the loss resulting from the robbery. She determined a total of $675 was taken from two registers and the safe.

{¶ 7}   Appellant was later charged by complaint with one count each of complicity to commit theft, making false alarms, and falsification, misdemeanors of the first degree, and obstructing official business, a misdemeanor of the second degree.

{¶ 8}   Appellant pled not guilty to the charges and opted to proceed to a jury trial, which took place on March 7, 2019. The jury found appellant guilty as charged.

{¶ 9}   On March 19, 2019, the trial court conducted a sentencing hearing. The court merged complicity to theft, falsification and obstructing official business and imposed an aggregate sentence of 180 days with 170 days suspended.

{¶ 10} Appellant filed an appeal, and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 11} "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF THEFT; COMPLICITY; OBSTRUCTING OFFICIAL BUSINESS; FALSIFICATION OF MAKING FALSE ALARMS AS THOSE VERDICTS WERE NOT SUPPORTED BY THE SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 12} In his sole assignment of error, appellant argues his convictions are against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 13} On review for sufficiency, a reviewing court is to examine the evidence presented at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

MAKING FALSE ALARMS

{¶ 14} Appellant argues the state failed to prove his actions caused "public inconvenience or alarm" and that therefore his conviction for making false alarms is not supported by sufficient evidence.

{¶ 15} Appellant was charged with making false alarms pursuant to R.C. 2917.32(A)(1) which provides no person shall "[i]nitiate or circulate a report or warning of

an alleged or impending fire, explosion, crime, or other catastrophe, knowing that the report or warning is false and *likely* to cause public inconvenience or alarm; * * *" Emphasis added.

{¶ 16} Appellant compares this matter to our decision in *State v. Wetherby*, 5th Dist. Licking No. 12CA69, 2013-Ohio-3442. In *Wetherby*, the appellant was living with his friend Lee whose home was sold at sheriff's auction. When deputies arrived at the home on a pre-arranged eviction date, Lee and Wetherby were still occupying the home, and refused to let deputies inside or vacate the premises. The pair held officers at bay for 9 hours with threats of gun violence, and threats of suicide. Some 25 employees of the Sheriff's Department and fire department were dispatched to Lee's home, including the SWAT team and the hostage negotiation team.

{¶ 17} Wetherby was charged with various crimes in connection with the incident including inducing panic pursuant to R.C. 2917.31. That section provides:

> (A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:
>
> (1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;
>
> (2) Threatening to commit any offense of violence;
>
> (3) Committing any offense, with reckless disregard of the likelihood that its commission *will cause serious* public inconvenience or alarm.

Emphasis added.

{¶ 18} Wetherby appealed, challenging among other things, his conviction for inducing panic. We found the evidence presented in that matter was insufficient to prove "that Wetherby's actions in concert with Lee or alone caused serious public inconvenience or alarm. Officers acting in their official capacity could not have been inconvenienced within the contemplation of R.C. 2917.31(A), simply because they had responded to the residence, as their duties required them to do." *Whetherby*, supra at ¶ 40.

{¶ 19} This matter is distinguishable. First, making false alarms does not require that its commission "*will cause serious* inconvenience or alarm," but rather simply that it is "*likely to cause* public inconvenience or alarm."

{¶ 20} Second, while appellant argues no member of the public was inconvenienced or alarmed, the record reflects that a least 2 people were at minimum, inconvenienced. The store manager was rousted from sleep by the alarm call at 12:45 a.m. and required to go to the scene. T. 81, 88-89. The following day, a retail director for Englefield Oil Company who oversees 60 stores was required to ascertain the total loss of the alleged robbery. T. 106, 111. We therefore find the state produced sufficient evidence to support appellant's conviction for making false alarms.

REMAINING CONVICTIONS

{¶ 21} As for his remaining convictions, appellant does not argue the state failed to prove any one element of any offense. Rather, appellant argues the testimony of his co-conspirators was inconsistent and incredible. It is well settled, however, that the

credibility of witnesses is a matter for the trier of fact to determine. "A defendant is not entitled to reversal on the grounds of sufficiency of the evidence and manifest weight of the evidence merely because inconsistent testimony was offered at trial." *State v. Garner*, 10th Dist. Franklin No. 07AP-474, 2008-Ohio-944, ¶ 19, citing *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958. Challenges to the sufficiency of the evidence based upon instances of inconsistent testimony, memory defects, and the like are witness credibility issues which are properly resolved by the trier of fact. See *State v. Daniel*, 10th Dist. Franklin No. 95APA05-657, 1996 WL 11268. The jury was free to accept or reject any or all of the testimony of the co-conspirators and to assess the credibility of those witnesses accordingly. Moreover, the jury viewed the security video in this matter, and were able to watch the robbery as it occurred, and could use that information to assist in its credibility determinations.

{¶ 22} Based on the facts noted in our statement of facts supra, and the entire record, we find appellant's convictions are supported by sufficient evidence, and are not against the manifest weight of the evidence. Appellant's assignment of error is therefore overruled, and the judgment of the Licking County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/rw